IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| vs.                                                  ) | Case Number CR-03-138-C |
| ) | (CIV-06-68-C) |
| RICHARD WINDLER,                       ) | |
| ) | |
| Defendant.      ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. At the direction of the Court, Plaintiff filed a Response and this matter is now at issue.

Defendant argues that he is entitled to relief because he is actually innocent of the facts on which his sentence was based. Defendant does not challenge that he in fact committed a crime; rather, he argues about the nature of the substance which led to his conviction. According to Defendant, he was sentenced based on cocaine base when there was no proof the substance was smokable. Defendant argues that his sentence should be modified to reflect a sentence based on distribution of cocaine powder, not cocaine base.

Defendant's argument is without support in the record. After review of the Information, the Plea Agreement, Defendant's statements at the Change of Plea Hearing and the Presentence Investigation Report, the Court is satisfied that Defendant pleaded guilty to and was sentenced for possession with the intent to distribute in excess of 5 kilograms of cocaine powder. There is no mention in any of these documents of cocaine base. The

calculations of drug amounts in the presentence report all use the equivalency for cocaine powder, not base. Thus, Defendant has failed to state a claim for relief.

Even had Defendant raised a colorable claim, the present motion would be barred by the terms of his plea agreement. As Plaintiff notes in its Response, as part of the plea agreement, Defendant agreed to waive the right to challenge his conviction.

The Court finds the waiver entered into as part of the plea agreement would bar the claims Defendant raises. As part of the plea agreement, Defendant agreed to give up any right to challenge the "manner in which the sentence is determined." (Dkt. No. 121, p. 5). Clearly then, Defendant's present challenge to the Court's calculation of his sentence is within the scope of the waiver. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir 2004) ("The first prong of the analysis requires the court to determine if the disputed appeal falls within the scope of the appellate waiver."). The colloquy between the Court and Defendant at the Change of Plea Hearing provides ample evidence the plea was knowingly and voluntarily entered, thereby satisfying the second prong of Hahn. Id. ("The second prong of the analysis requires the court to ascertain whether the defendant knowingly and voluntarily waived his appellate rights."). The third prong considers whether enforcing the waiver will result in a miscarriage of justice. Id. at 1327. Defendant has failed to show he is entitled to relief. According to Defendant, his sentence is a miscarriage of justice because he is actually innocent of distributing cocaine base. Defendant argues that the substance he distributed was cocaine and therefore his sentence was improperly lengthened. As noted above, Defendant was in fact sentenced for distribution of cocaine powder. Therefore, there

is no evidence suggesting a miscarriage of justice. Thus, the waiver applies and because Defendant has failed to offer any argument that the exceptions to that waiver should apply, his § 2255 motion is barred.

Defendant did not request an evidentiary hearing, and the Court finds one unnecessary because resolution of his arguments is possible on the existing record. See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996)).

## CONCLUSION

As set forth more fully herein, Defendant's claims are without support in the record and/or barred by the terms of the waiver included in the Plea Agreement. Accordingly, Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 147), is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 8th day of March, 2006.

ROBIN J. CAUTHRON
United States District Judge